**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>**CHIEF JUDGE EDMUND A. SARGUS, JR.**<br>Magistrate Judge Kimberly A. Jolson |
| **This document relates to:**<br>**PATRICIA PULLEN** | Civil Action No. **2:22-cv-00437** |

## SHORT FORM COMPLAINT

Plaintiff Patricia Pullen files this Short Form Complaint pursuant to Case Management Order No. 9 and is to be bound by the rights, protections, and privileges and obligations of that Order. Plaintiff hereby incorporates the Master Complaint in MDL No. 2846 by reference. Plaintiff further shows the Court as follows:

1. The name of the person implanted with Defendants' Hernia Mesh Device(s):

    Patricia Pullen

2. The name of any Consortium Plaintiff (if applicable):

    N/A

3. Other Plaintiff(s) and Capacity (i.e., administrator, executor, guardian, conservator):

    N/A

4. State of Residence:

    Louisiana

5. District Court and Division in which action would have been filed absent direct filing:

    United States District Court for the Middle District of Louisiana

6. Defendants (Check Defendants against whom Complaint is made):

  ☒ A. Davol, Inc.

  ☒ B. C.R. Bard, Inc.

  ☐ C. Other (please list: _____ )

7. Identify which of Defendants' Hernia Mesh Device(s) was/were implanted (Check device(s) implanted):

  ☐ 3DMax Mesh

  ☐ 3DMax Light Mesh

  ☐ Bard (Marlex) Mesh Dart

  ☐ Bard Mesh

  ☒ Bard *Soft* Mesh

  ☐ Composix

  ☐ Composix E/X

  ☐ Composix Kugel Hernia Patch

  ☐ Composix L/P

  ☐ Kugel Hernia Patch

  ☐ Marlex

  ☐ Modified Kugel Hernia Patch

  ☐ Perfix Light Plug

  ☐ PerFix Plug

  ☐ Sepramesh IP

  ☐ Sperma-Tex

  ☐ Ventralex Hernia Patch

  ☐ Ventralex ST Patch

☐ Ventralight ST

☒ Ventrio Patch

☐ Ventrio ST

☐ Visilex

☐ Other (please list in space provided below):

_____

_____

8. Defendants' Hernia Mesh Device(s) about which Plaintiff is making a claim (Check applicable device(s)):

☐ 3DMax Mesh

☐ 3DMax Light Mesh

☐ Bard (Marlex) Mesh Dart

☐ Bard Mesh

☒ Bard *Soft* Mesh

☐ Composix

☐ Composix E/X

☐ Composix Kugel Hernia Patch

☐ Composix L/P

☐ Kugel Hernia Patch

☐ Marlex

☐ Modified Kugel Hernia Patch

☐ Perfix Light Plug

☐ PerFix Plug

3

☐ Sepramesh IP

☐ Sperma-Tex

☐ Ventralex Hernia Patch

☐ Ventralex ST Patch

☐ Ventralight ST

☒ Ventrio Patch

☐ Ventrio ST

☐ Visilex

☐ Other (please list in space provided below):

_____

_____

9. Date of Implantation and state of implantation: 4/6/2011 in Louisiana

10. As of the date of filing this Short Form Complaint, has the person implanted with Defendants' Hernia Mesh Device(s) had subsequent surgical intervention due to the Hernia Mesh Device(s)?:  Yes  X    No____

11. Basis of Jurisdiction:

   ☒ Diversity of Citizenship

   ☐ Other: _____

12. Counts in the Master Complaint adopted by Plaintiff(s):

   ☒ Count I – Strict Product Liability- Defective Design

   ☒ Count II – Strict Product Liability- Failure to Warn

   ☒ Count III – Strict Product Liability- Manufacturing Defect

   ☒ Count IV– Negligence

4

☒ Count V– Negligence Per Se

☒ Count VI– Gross Negligence

☒ Count VII – State Consumer Protection Laws (Please identify applicable State Consumer Protection law(s)):

LA Rev. Stat. § 51-1401 et seq.

☒ Count VIII – Breach of Implied Warranty

☒ Count IX – Breach of Express Warranty

☒ Count X – Negligent Infliction of Emotional Distress

☒ Count XI – Intentional Infliction of Emotional Distress

☒ Count XII – Negligent Misrepresentation

☒ Count XIII – Fraud and Fraudulent Misrepresentation

☒ Count XIV – Fraudulent Concealment

☐ Count XV – Wrongful Death

☐ Count XVI – Loss of Consortium

☒ Count XVII – Punitive Damages

☒ Other Count(s) (please identify and state factual and legal bases for other claims not included in the Master Complaint below):

Despite diligent investigation by Plaintiff into the cause of her injuries, including consultations with her medical providers, the nature of her injuries and damages, and their relationship to the Product was not discovered, and through reasonable care and diligence could not have been discovered until a date within the applicable statute of limitations for filing Plaintiff's claims. Therefore, under appropriate application of the discovery rule, Plaintiff's suit was filed well within the applicable statutory limitations period. Plaintiff did not learn of Defendants' wrongful conduct until 2020. Furthermore, in the existence of due diligence, Plaintiff could not have reasonably discovered the Defendants' wrongful conduct, including, but not limited to, the defective design and/or manufacturing of the product until a date within the

5

<u>statute of limitations. Therefore, under appropriate application of the discovery rule, Plaintiff's suit was filed well within the statutory limitations period.</u>

☒ Jury Trial is Demanded as to All Counts

☐ Jury Trial is NOT Demanded as to All Counts; if Jury Trial is Demanded as to Any Count(s), identify which ones (list below):

 

*s/**Sarah A. Wolter***
Attorney(s) for Plaintiff

Address, phone number, email address and bar information:

Sarah A. Wolter (CO. Bar No. 47599)
WAGSTAFF LAW FIRM
940 N. Lincoln St.
Denver, CO 80203
(303) 376-6360
swolter@wagstafflawfirm.com

6